# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-10023 PA (SSx) | Date | December 12, 2011 |
|---|---|---|---|
| Title | Renato Basa, et al. v. The Home Depot USA, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

     Before the Court is a Notice of Removal filed by defendants The Home Depot USA, Inc. (erroneously sued as Home Depot USA, Inc.) and THD-At-Home Services, Inc. ("Defendants") on December 2, 2011. Defendants assert that this Court has jurisdiction over the action brought against it by plaintiffs Renato Basa and Patick Cheeseman ("Plaintiffs") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

     Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

     In attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a national bank is "a citizen of the State in which its main office, as set forth in its articles of association, is located." Wachovia Bank v. Schmidt, 546 U.S. 303, 307, 126 S. Ct. 941, 945, 163 L. Ed. 2d 797 (2006) (construing 28 U.S.C. § 1348).

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10023 PA (SSx) | Date | December 12, 2011 |
|---|---|---|---|
| Title | Renato Basa, et al. v. The Home Depot USA, Inc., et al. | | |

      The Notice of Removal alleges that "Defendants are informed and believe that Plaintiffs are citizens of the State of California and domiciled in the County of Los Angeles, California, and were so domiciled at the time of the filing of the Complaint."  (Notice of Removal 3:10-12.) Defendants allegations of Plaintiffs' citizenship and domicile on information and belief are insufficient to establish Plaintiffs' citizenship.  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient.").  As a result, Defendants' allegations are insufficient to invoke this Court's diversity jurisdiction.

      Therefore, Defendants have failed to meet their burden to demonstrate the Court's diversity jurisdiction.  Accordingly, the Court remands this action to Los Angeles Superior Court, Case No. BC 472292.  See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.